### BECKER v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

APPEAL—SETTLEMENT OF CASE.

It is error for the court, upon the settlement of a case on appeal, to strike out, of its own motion, passages which set forth proceedings occurring on the trial, in the course of which a party, for the purpose of keeping himself right on the record, moves for leave to withdraw a juror, on the ground that the jury have been prejudiced by testimony admitted by the court, and afterwards stricken out.

Appeal from trial term.

Action by Charles Becker against the Third Avenue Railroad Company. Judgment for plaintiff. From an order denying a motion to resettle case, defendant appeals. Modified.

Upon the trial of an action for personal injuries, the court admitted, against the objection of defendant's counsel, evidence of despondency and attempts to commit suicide by the plaintiff, on the assurance of the plaintiff's counsel that it would be connected with the injury on which the action was based. Immediately after the introduction of the evidence, the plaintiff's counsel moved to strike it out, saying that the facts were too meager to predicate anything on, and his motion was granted. At a later period of the trial, the following proceedings took place: "Plaintiff's Counsel: Before recalling the doctor, I don't think it is quite clear. There isn't any direct evidence of where the man struck when he fell off the truck. If your honor will permit me, I would like to recall one witness, and question him on that subject. The Court: There is no necessity for calling him back, unless you have another case to make. Plaintiff's Counsel: In asking these doctors questions, it is necessary that you should show where the injury to the man was. The Court: You mean how he fell? Plaintiff's Counsel: Yes, sir. It appears that he fell, and that he was on the truck; and it was found upon him. I don't think there is any place in the record where it specifically says where the man struck as he reached the pavement,—on what part of his body he reached the pavement. The Court: In my judgment, the circumstantial inferences so point to his striking on his head that this may be as well given in evidence. Defendant's Counsel: I have

no objection to anything of that kind. I wish to say to your honor this: That in order that it would not be deemed an afterthought, that I deem it my duty to my client, in view of the evidence of despondency and suicide, to the withdrawal of which testimony I took an exception, as the mischief had been done; I ought to ask for the withdrawal of a juror on that ground, so as to keep myself clearly right on the record; and I do ask the court for that leave, on the ground that there has got to be, practically, a mistrial of this case. The Court: If Mr. Smyth consents to that, it will be done. If he don't, it will be Mr. Smyth's fault, for he brought out the testimony, and let it go. Plaintiff's Counsel: I think the withdrawal of a juror is a matter that should be addressed to your honor's discretion, and if your honor wishes to hear me as to whether there is enough in this case for the withdrawal of a juror. The Court: No; I did not make myself clear. You can keep things just as they are, with the chances for it being afterwards held that I should not have allowed that evidence before the further evidence with which you said you would connect it was given. If you don't want to— Plaintiff's Counsel: I do not. I had a suggestion to make on another point,—on the same point. I want to find what your honor would do, and that might have some bearing on whether I would consent, and that is whether you will not charge the jury that they are to entirely disregard anything in that connection. The Court: I don't know whether I will or not. I will see to that when I come to charge the jury."

A verdict having been rendered for the plaintiff, the defendant appealed, and, in its proposed case, inserted the proceedings above set forth, which appeared on pages 62 and 63 of the proposed case. The court, on settlement of the case, struck out this passage of its own motion, without an amendment relating thereto; and, a motion for resettlement of the case in this and other respects having been denied, the defendant appealed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

J. V. Bouvier, Jr., for appellant.
H. C. Smyth, for respondent.

PER CURIAM. We think it was error to strike out the matters on pages 62 and 63 of the proposed case on appeal. With that exception, the case as settled was right. The order should therefore be modified in the particulars above indicated, and, as modified, affirmed, without costs.